**In re Alan GRIFFIN, Debtor.**

No. C 00–04713 CRB.

Bankruptcy No. 98–71464.

United States District Court, N.D. California.

April 16, 2001.

**468**

Alan Griffin, Orinda, CA, pro se.

Donald W. Robinson, Carr McClellan Ingersoll, Thompson & Horn, Burlingame, CA, for trustee.

Leslie Tchaikovsky, Oakland, CA, pro se.

## ORDER

BREYER, District Judge.

Now before the Court is the motion by trustee/appellee Ruth E. Strickling ("trustee") to dismiss the appeal of appellant/debtor Alan E. Griffin ("appellant") from the Order Authorizing Trustee to Sell Real Property Free and Clear of Homestead Exemption and Claims or Interests and Transferring Same to Proceeds of Sale, entered by the United States Bankruptcy Court for the Northern District of California on November 20, 2000, on the grounds that the appeal is moot and the appellant has failed to perfect the appeal pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8006. Having carefully considered the papers submitted by the parties, and having had the benefit of oral argument on April 6, 2001, the motion to dismiss is GRANTED.

## I. BACKGROUND

Pursuant to a divorce decree, the Superior Court of Contra County ("the Superior Court") ordered appellant's residence to be sold to pay spousal support. On January 30, 1998, Superior Court Judge Maria P. Rivera ordered appellant to vacate the property and authorized the clerk of the court to sign all documents necessary to complete the sale on the appellant's behalf. On the same day, the appellant's former wife and the Superior Court clerk, acting on behalf of the appellant, signed a contract for the sale of the home to Roger Huddlestone ("Huddlestone") for $285,000.

On April 24, 1998, Huddlestone filed a complaint against the appellant and Chelsea F.C., a corporation to which the appellant had transferred the residence, to enforce the contract for the sale of the home made on January 30, 1998. On November 17, 1998, the Superior Court entered a default judgment against Chelsea F.C. The Superior Court found that the appellant was the alter ego of the company. The Superior Court declared that all conveyances between the appellant and Chelsea F.C. were null and void. The Superior Court then ordered the property to be transferred to Huddlestone pursuant to the January 30, 1998 purchase agreement.

On November 28, 1998, the appellant filed for Chapter 13 bankruptcy. On May 3, 2000, the appellant voluntarily converted his case from a Chapter 13 bankruptcy to a Chapter 7 bankruptcy. The appellee, Ruth E. Strickling, was appointed the Chapter 7 Trustee. On August 17, 2000, the Trustee filed a Notice of Motion to Sell Real Property Free and Clear of Liens and Interests. On October 6, 2000, the Trustee served interested parties with a Notice of Proposed Action By Trustee: Sale of Real Property (And Payment Of Closing Costs) With Notice of Opportunity to Object and Hearing Date. On October 20, 2000, the appellant filed an objection to the proposed sale. On October 24, 2000, the appellant transferred the residence by grant deed to Chelsea F.C., a "living trust" and to Martinez Financial. The grant deed to Chelsea F.C. was recorded on October 26, 2000. The grant deed to Martinez Financial was recorded on December 1, 2000. On October 27, 2000, the Trustee filed an Application for Order Confirming Trustee's Sale of Real Property. On October 30, 2000, the bankruptcy court approved the application.

On November 20, 2000, United States Bankruptcy Judge Leslie Tchaikovsky is-

sued an order Confirming Trustee's Sale Of Real Property and Authorizing Trustee To Sell Real Property Free and Clear of Homestead Exemption and Claims of Liens or Interests and Transferring Same to Proceeds of Sale. On November 28, 2000, the appellant filed a Notice of Appeal Regarding Order Granting Amended Motion to Sell Real Property Free and Clear of Homestead, Liens, and Interests. On the same day, the appellant filed a Notice of Election to the United States District Court for the Northern District Of California. The Trustee argues that neither of these pleadings were served upon her.

On December 11, 2000, the appellant filed in the bankruptcy court a Notice of Motion to Stay Sale of Real Property Pending Appeal. December 19, 2000, the appellant filed the Appellants Designation of Record. December 21, 2000, Fidelity National Title Company issued a preliminary title report to the Trustee revealing the appellant's transfers of the residence to Chelsea F.C. and Martinez Financial. On January 4, 2001, the Trustee's attorneys filed an Ex Parte Application for Order Shortening Time for Hearing on Motion to Sell Real Property Free and Clear of Liens and Interests. On the same day, the Bankruptcy Court approved the order shortening time.

On January 5, 2001, the Bankruptcy Court entered an order Denying Debtor's Motion for Reconsideration of Order Approving Sale of Real Property and to Stay Sale of Real Property Pending Appeal. On January 12, 2001, the Bankruptcy court entered a First Amended Order Granting Amended Motion to Sell Real Property Free and Clear of Liens and Interests and Transferring Same to Proceeds of Sale. The appellant did not appeal this order. On January 22, 2001, the sale to Huddlestone closed.

## II. DISCUSSION

■ The trustee argues that the appellant's appeal must be dismissed on several grounds. First, the trustee argues that the appellant's appeal is moot under the United States Bankruptcy Code.

Rule 363(m) of the Federal Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

The Trustee argues that Huddleston purchased the appellant's residence in good faith, and the authorization and sale were not stayed pending appeal, and thus the appellant's appeal is moot. The Bankruptcy court found that Huddleston was purchasing the appellant's residence in good faith pursuant to 11 U.S.C. § 363(m), and the appellant did not appeal this finding. The Bankruptcy court also denied the appellant's motion for a stay pending appeal; indeed, appellant did not even appear for the hearing. Under a plain reading of the statute, the appellant's appeal is therefore moot. The statute allows a reversal of an authorization of a sale to affect the validity of the sale only if the sale was stayed pending an appeal. Since the sale was not stayed pending appeal, the Court does not have the power to modify or set aside the sale. *See In re Ewell,* 958 F.2d 276, 280 (9th Cir.1992).

■ Second, the trustee argues that the appellant's appeal should be dismissed because he has failed to follow proper proce-

470

dure pursuant to the Federal Rules of Bankruptcy Procedure.

Federal Rule of Bankruptcy Procedure 8006 provides:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a)... or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and *serve on the appellee* a designation of the items to be included in the record on appeal and a statement of the issues to be presented (emphasis added).

Rule 8001(a) provides:

> An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

The appellant filed his notice of appeal with the district court on November 28, 2000. The appellant filed his designation of record on December 19, 2000, more than a week late. The appellant also never served the record designation on the trustee. In addition, the appellant did not even file an opposition to the trustee's motion to dismiss the appeal until one day before the hearing, and the appellant has never filed a memorandum in support of his appeal. *See* Civil Local Rule 16–1(d). Appellant has not proffered any reason for these delays. Accordingly, the Court finds that the appellant has not reasonably prosecuted his appeal.

## III. CONCLUSION

The appellant's appeal is moot. Because the buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal. It was not. Thus, the Court cannot grant the appellant any effective relief and the appeal is hereby DISMISSED as moot. The appeal is also dismissed on the ground that the appellant has failed to prosecute his appeal pursuant to Federal Rule of Bankruptcy Procedure 8001(a). The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**